**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1545
_____

A.G., (a minor) c/o Alphonzo King,

Appellant

v.

CHESTER UPLAND SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-03685)
District Judge:  Honorable Nitza I. Quinones Alejandro
_____

Argued February 8, 2016

Before:  FUENTES, KRAUSE, and RENDELL, <u>Circuit Judges</u>

(Filed:  July 7, 2016 )


Mu'min F. Islam, Esq. **[ARGUED]**
MFI Law Group
1448 South Street, Suite 200
Philadelphia, PA 19146

*Counsel for Appellant*

John F. Kennedy, Esq. **[ARGUED]**
Grace & Kennedy
200 South Broad Street, Suite 500
Philadelphia, PA 19102

*Counsel for Appellee*

_____

OPINION[*]
_____

FUENTES, Circuit Judge

A.G. was a victim of a random attack on students at his high school. His father filed a 42 U.S.C. § 1983 lawsuit against the school district, alleging that the school district's decision to cease its policy of issuing student identification cards created or enhanced the danger to which A.G. was exposed.[1] The District Court granted the school district's motion to dismiss.[2] For the reasons that follow, we will affirm.

**I.**

Because this case comes to us on a motion to dismiss, the following facts are taken from the complaint and are assumed true for purposes of this appeal.[3] During the 2012-2013 school year, Plaintiff was a ninth grade student at Chester High School, which is operated by Defendant Chester Upland School District (the "School District"). At some point during the school year, the school decided to not issue identification (ID) cards to students, in contrast to previous years. Additionally, the school's principal and staff

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The record is unclear as to whether A.G. is the student or his father; the case caption, the Appellant's briefing, and the complaint conflict. For ease of reference, we will refer to the student as "Plaintiff."

[2] The District Court also dismissed Plaintiff's equal protection and unlawful seizure claims. Those claims are not at issue on appeal.

[3] *Finkelman v. Nat'l Football League*, 810 F.3d 187, 190 n.11 (3d Cir. 2016).

allowed visitors to enter the school without identifying or registering themselves or obtaining a visitor's pass.

According to Plaintiff, because of the school's decision to discontinue issuing student ID cards and its custom of allowing visitors to enter the school without permission, a trespasser posing as a student bypassed security and entered school property. During the course of the school day, the trespasser assaulted various students, including Plaintiff, "in honor of 'National Fight Day.'"[4] The attack on Plaintiff was recorded and uploaded to the Internet. As a result of this attack and the subsequent display on the Internet, Plaintiff suffered physical injuries and emotional distress. Plaintiff eventually transferred to another school.

Plaintiff filed a 42 U.S.C. § 1983 suit against the School District.[5] He claimed that the School District's decision to discontinue issuing student ID cards violated his substantive due process rights under the state-created danger theory. Specifically, he alleged that the School District "created a situation, a state-created danger, where it was foreseeable that Plaintiff would suffer injury and harm."[6] The School District moved to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff could not establish any constitutional violation or that any alleged constitutional violation resulted from an

---

[4] Compl. ¶ 15 (App. 24).
[5] Plaintiff twice amended his complaint in response to the School District's motions to dismiss. Thus, the District Court reviewed, as do we, Plaintiff's second amended complaint.
[6] Compl. ¶ 21 (App. 25).

official policy, practice, or custom, as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[7]

The District Court held that Plaintiff's substantive due process claim under the state-created danger theory did not sufficiently allege an affirmative act on the part of the School District. Accordingly, the District Court dismissed Plaintiff's claim with prejudice, explaining that any attempt to amend the complaint a third time would be futile. This appeal followed.[8]

**II.**

Plaintiff's primary argument on appeal is that the District Court erred in its application of the state-created danger test. He also claims that the District Court erred in not allowing him an opportunity to amend his complaint. We address each argument in turn.[9]

**A. State-Created Danger Test**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law engaged in conduct that violated a right protected by the

---

[7] *See Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) ("A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." (citing *Monell*, 436 U.S. at 690-91)).

[8] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[9] "We exercise plenary review over the grant of a motion to dismiss." *Brown v. Card Service Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review *de novo* its determination that amendment would be futile." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

4

Constitution or laws of the United States.[10]  Here, Plaintiff's § 1983 claim invokes the substantive component of the Due Process Clause, which "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them."[11]

We have recognized the state-created danger theory as a mechanism for establishing a substantive due process claim.[12]  Four elements must be satisfied: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted with a degree of culpability that shocks the conscience; (3) a relationship existed between the state and the plaintiff such that the plaintiff was a foreseeable victim of the state actor's acts; and (4) the state actor affirmatively used his/her authority in a way that created a danger to the plaintiff or that rendered the plaintiff more vulnerable to danger than had the state not acted at all.[13]

The District Court focused on the final "affirmative act" element and concluded that the School District's decision *not* to issue student ID cards was not *affirmative* conduct.[14]  We agree.  On the facts alleged, we do not believe that the School District's decision to no longer issue ID cards to its student body constituted an "affirmative act" or "affirmative exercise of authority" that created or enhanced a danger to Plaintiff that he

---

[10] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc).
[11] *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (internal quotation marks omitted).
[12] *See Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996).
[13] *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006).
[14] *See Morrow v. Balaski*, 719 F.3d 160, 178 (3d Cir. 2013) (en banc) (concluding that school's failure to continue perpetrator's suspension, thus permitting perpetrator to return to school, could not be deemed an affirmative act for purposes of a substantive due process claim under the state-created danger theory).

5

otherwise would not have faced.  Moreover, Plaintiff fails to show how the attack on him was a "fairly direct" result of the School District's decision.  Plaintiff cannot plausibly allege that the school's failure to issue student ID cards was the "catalyst" for the trespasser attack on Plaintiff; "[t]he causation, if any, is too attenuated."[15]  Rather, Plaintiff seemed to be a "tragic victim of random criminal conduct rather than of school officials' deliberate, callous decisions."[16]

For these reasons, Plaintiff's substantive due process claim under the state-created danger theory must fail.

## B. Dismissal with Prejudice

Plaintiff also claims that the District Court was required to provide him with an opportunity to amend his complaint.  Our jurisprudence makes clear that, whether or not a plaintiff seeks leave to amend, a district court considering a Rule 12(b)(6) motion to dismiss "must permit a curative amendment unless such an amendment would be inequitable or futile."[17]

Here, the District Court explicitly stated that any attempt to amend the complaint for a third time would be "legally futile."[18]  We agree with this conclusion.  The heart of Plaintiff's substantive due process claim—that the decision to cease issuing student ID

---

[15] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 909 (3d Cir. 1992) (concluding that plaintiff could provide no set of facts that would establish "the direct causal connection" between the perpetrator's deadly shooting of a teacher and the school's decision to allow construction workers to leave the school's rear entrance unlocked).
[16] *Id.* at 911 (internal quotation marks omitted).
[17] *Phillips*, 515 F.3d at 245. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.").
[18] App. 17.

6

cards placed Plaintiff in a dangerous situation—could not be cured by additional facts. Plaintiff's claim fails as a matter of law.

## III.

For the reasons set forth above, we will affirm the District Court's dismissal with prejudice of Plaintiff's second amended complaint.